## Commercial Credit Corporation v. Pasquarello (No. 2)

*Herman Feldman*, for plaintiff.
*Frank J. Piatek*, for defendants.

HENDERSON, *P.J.*, October 26, 1978—This case is now making its second appearance on the argument list on preliminary objections. The first set of preliminary objections was filed by defendant to plaintiff's complaint with the main contention being that the suit was barred by the statute of limitations found in article 2 of the Uniform Commercial Code of April 6, 1953, P.L. 3, as amended, 12A P.S. §2-725. In an opinion filed March 23, 1978, 8 D. & C. 3d 458 (1978), we dismissed this objection, pointing out that Pa.R.C.P. 1017(b)(4) permits only a non-waivable statute of limitations to be raised by preliminary objections and holding that the statute of limitations in question was waivable and therefore requiring such defense to be raised in the new matter. Defendant followed this procedure and plaintiff responded by filing preliminary objections to the new matter challenging the applicability of the pleaded statute of limitations to the factual situation in this case.

Plaintiff should not have filed these preliminary objections. The purpose behind requiring that a waivable statute of limitations be pleaded as new matter is to give plaintiff an opportunity to reply to the defense by pleading facts which would constitute waiver. Then the applicability of the statute can be tested by a motion for judgment on the pleadings. On the present record, we would be deciding this issue without knowing whether a waiver occurred. It is obvious that both parties wish to have this matter determined now. Since there are no

facts in dispute which would affect a resolution of this issue, we will treat this matter as though it was before us on a motion for judgment on the pleadings, in the interest of judicial economy and speedy justice.

On February 26, 1969, defendants borrowed $1,882.50 from plaintiff to apply to the purchase of a 1966 Chevrolet Impala automobile. Plaintiff received a security interest in the car. Defendants defaulted in their payments after July of 1969, and in the fall of that year the automobile was repossessed by plaintiff and sold pursuant to the Pennsylvania Motor Vehicle Sales Finance Act of June 28, 1947, P.L. 1110, 69 P.S. §601. The money received upon the sale and a finance refund were credited to defendants' account, leaving an outstanding balance of $883.37. The complaint was filed on May 5, 1975. The issue is whether this transaction is governed by article 2 of the Uniform Commercial Code which has a four-year statute of limitations, or whether the normal six-year limitation for contract actions applies. Since default occurred in August of 1969, if the four-year statute applies, then this action is barred.

The weakness in defendants' argument is their premise that plaintiff is somehow standing in the position of a seller of goods. The cases which defendant cites as being directly on point (Associates Discount Corp. v. Palmer, 47 N.J. 183, 219 A. 2d 858 (1966), Mellon Bank v. Mincer, no. 514 of 1972 (C.P. Alleg. Co.), and Associates Financial Services Co. v. Harris, no. 2367 Oct. term 1971 D.S.B. (C.P. Alleg. Co.)), all involve plaintiffs who were assignees of bailment leases originally made between the car dealer-sellers and defendant-buyers. These bailment leases are all inclusive instruments constituting both a contract for sale of an automobile

and a security transaction: Associates Discount Corp. v. Palmer, supra, 219 A. 2d at 860.

Here, on the other hand, no contract for the sale of goods is included among the agreements on which plaintiff seeks recovery. No allegations of any connection between plaintiff and the seller of the car are made in the pleadings. (In fact, the seller's identity is not revealed by the present record.) The basic agreement between the parties was a note by which plaintiff advanced defendant $1,882.50, with defendant being obligated to make 36 monthly payments of $68. At the same time a security agreement was entered into under which plaintiff received a security interest in the 1966 Chevrolet as well as in some household goods.

Section 2-102 of the Uniform Commercial Code, 12A P.S. §2-102, states: "Unless the context otherwise requires, this Article applies to transactions in goods; it does not apply to any transaction which although in the form of an unconditional contract to sell or present sale is intended to operate only as a security transaction . . ."

What was being sold here was present money in exchange for a promise of a larger sum of money in the future. To secure the promise, plaintiff was given a lien on the automobile. The fact that plaintiff might have known that defendant was going to spend the money advanced by purchasing the automobile will not result in the loan being considered a sale of goods. Under defendant's reasoning almost all consumer loans would become subject to article II of the Uniform Commercial Code since the money thus obtained is normally used to purchase goods. Section 2-102 indicates that the code is not to be applied under these circumstances. We are unable to find any case wherein the court has held that a loan of money was governed by article 2.

If the panoply of rights and duties created by this article was supposed to apply to consumer loans, the drafters of the code would have made their intentions known more clearly.

The fact that this action is brought to secure a deficiency balance following a repossession sale does not not alter the result. Defendant cites section 9-113(c) of the code, 12A P.S. §9-113(c), for the proposition that the rights of a secured party upon default are governed by article 2. But this section is specifically limited to security interests "arising solely under the Article on Sales (Article 2)." Since the security interest in this case did not arise under article 2, section 9-113, is not controlling.

Actions for debts must be brought within six years from the time the cause of action arises according to the Act of March 27, 1713, 1 Sm.L. 76, sec. 1, 12 P.S. §31. Plaintiff did file its claim within this period.

## ORDER

Now, October 26, 1978, in conformity with the opinion filed herewith, it is hereby ordered that defendants' preliminary objections are overruled and defendant is granted 20 days from the date hereof within which to file a responsive pleading.